# UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

## WESTERN DIVISION

U.S.A. vs. **Henry Perdue**                                    Docket No. **2:02CR20058-09**

### Petition on Probation and Supervised Release

**COMES NOW** __MARNIE KLYMAN__ **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Henry Perdue who was placed on supervision by the Honorable Bernice B. Donald sitting in the Court at Memphis, TN on the 18th day of November, 2002 who fixed the period of supervision at three (3) years*, and imposed the general terms and conditions theretofore adopted by the Court and also imposed Special Conditions and terms as follows:

1.   The defendant shall submit to drug testing and treatment as directed by the Probation Office.

2.   The defendant shall make restitution in the amount of $8,500.00 (Balance: $8,500.00)

   *   Term of Supervised Release begin December 24, 2003.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### (PLEASE SEE ATTACHED)

**PRAYING THAT THE COURT WILL ORDER** a that a **WARRANT** be issued for **Henry Perdue** to appear before the United States District Court to answer to charges of violation of Supervised Release.

**BOND:** _____

<table>
<tr><td>

### ORDER OF COURT

Considered and ordered this 23rd day of August, 2005 and ordered filed and made a part of the records in the above case.

_Bernice B. Donald_
Bernice B. Donald
United States District Judge

</td><td>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _August 9, 2005_

_Marnie Klyma_
Marnie Klyman
United States Probation Officer

Place: Memphis, Tennessee

</td></tr>
</table>

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _8-24-05_



PROB 12
PERDUE, Henry
Docket No. 2:02CR20058-09
Page 2


**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:


**The defendant shall refrain from any unlawful use of a controlled substance.**

Henry Perdue tested positive for Marijuana on January 16, 2004 and June 25, 2005.

**The defendant shall participate in drug testing and treatment as directed by the Probation Officer.**

Mr. Perdue failed to participate in random drug testing at ACAR on fourteen (14) occasions between October 14, 2004 to August 1, 2005, as directed by the Probation Officer.

**The defendant shall follow the instructions of the Probation Officer.**

 The defendant was instructed to report to the Probation Office on April 6, April 8 and April 11, 2005.  The defendant failed to report to the Probation Office as directed by the Probation Officer.

**The defendant shall submit a truthful and complete written report within the first five days of each month.**

The defendant failed to submit monthly report forms for October thru December 2004; January and February 2005; and  April thru July 2005, within the first five days of  each month.

**The defendant shall pay $8,500.00 restitution; payments shall be set at ten percent (10%) of defendant's gross income.**

The defendant  failed to submit restitution payments despite the fact he reports he has been self employed.

# VIOLATION WORKSHEET

1. **Defendant**   Henry Perdue   (Address: 1338 Walnut Hall Court, No. 12, Memphis, TN 38119)

2. **Docket Number (Year-Sequence-Defendant No.)**   2:02CR20058-09

3. **District/Office**   Western District of Tennessee (Memphis)

4. **Original Sentence Date**   __11__ / __18__ / __2002__
   month     day     year

*(If different than above):*

5. **Original District/Office**   _____

6. **Original Docket Number (Year-Sequence-Defendant No.)**   _____

7. **List each violation and determine the applicable grade {see §7B1.1}:**

| Violation{s} | Grade |
|---|:---:|
| • Possession/Use of Marijuana | C |
| • Failure to participate in drug screening | C |
| • Failure to follow the instructions of the Probation Officer | C |
| • Failure to submit Monthly Supervision Report Forms | C |
| • Failure to submit restitution payments | C |
| • | |

8. **Most Serious Grade of Violation (see §7B1.1(b))**   C

9. **Criminal History Category (see §7B1.4(a))74**   IV

10. **Range of imprisonment (see §7B1.4(a))**   | 6 - 12       months |

   Maximum term of imprisonment is 24 months
   18 USC §3583(e)(3)

11. **Sentencing Options for Grade B and C Violations Only (Check the appropriate box):**

   {X}   (a)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   { }   (b)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   { }   (c)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

**Defendant**          Henry Perdue

12.  **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _8,500.00_____          Community Confinement _____N/A_____

Fine ($) _____N/A_____          Home Detention _____N/A_____

Other _____N/A_____          Intermittent Confinement _____N/A_____

13.  **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

Term: _____N/A_____ to ____N/A_____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14.  **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15.  **Official Detention Adjustment {see §7B1.3(e)}:** _____ months _____ days

Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 604 in case 2:02-CR-20058 was distributed by fax, mail, or direct printing on August 25, 2005 to the parties listed.

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT